# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRED E. CHRISTIAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13CV464 JCH |
| FRANK BONMARITO OLDS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Fred Christian for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under Rule 60(b)(3) as an "Independent action in equity." Plaintiff sued the same defendants in 2008 for employment discrimination under Title VII. See Christian v. Bonmarito Infiniti, 4:08CV1423 JCH (E.D. Mo.). The case went to a jury, and on November 19, 2009, the jury returned its verdict in favor of defendants. Id. Plaintiff appealed, and on November 29, 2010, the United States Court of Appeals for the Eighth Circuit affirmed the decision of this Court. Id.

Plaintiff now seeks relief from the 2009 judgment based on his contention that "Defendants committed fraud upon the Court and prevented Plaintiff from presenting his case by misrepresenting during motion in limine hearing." Plaintiff makes no other statements and alleges no other facts.

**Discussion**

Pursuant to Rule 60(c)(1), "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." This cause of action under Rule 60(b)(3) comes more than one year after the jury entered judgment in favor of defendants. As a result, it is untimely.

Moreover, plaintiff's allegations are wholly conclusory and fail to allege any facts, which if proved, would entitle him to relief. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel [Doc. 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of March, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE